{¶ 51} I respectfully dissent from the majority's analysis and disposition of appellant's three assignments of error.
 {¶ 52} As noted by the majority in its opinion, the issue in the case sub judice is whether the well was capable of producing in paying quantities. At the trial in this matter, testimony was adduced that the well has never produced domestically usable gas and, at best, was only capable of producing "sour gas". Testimony also was adduced that "sour gas" is not marketable, unless scrubbed, and that appellant has not obtained a contract with a scrubbing facility. Since the oil and gas well was neither producing nor capable of producing gas in paying quantities, and since no shut-in royalties were paid after September of 1988 to extend the term of the lease in the event of non-production, I would find that the lease automatically expired by its own terms in September of 1988 and that appellees, therefore, were not entitled to shut-in royalties after such time.
 {¶ 53} The majority, in its opinion, states, in part, as follows: "[i]f the well was capable of production in 1991, and in 2002, appellant was preparing to transport the sour gas for scrubbing, appellant has failed to demonstrate why it could not have made the well capable of production in 1988." However, no scrubbing facility existed in Morrow County in 1988. The evidence is clear that, to be marketable, the gas needed to be scrubbed.
 {¶ 54} For the above reasons, I would sustain appellant's first and second assignments of error.
 {¶ 55} Appellant, in its third assignment of error, argues that the trial court erred in ruling that appellant is estopped from claiming that the lease expired in September of 1988. I agree.
 {¶ 56} As noted by the majority, this Court, in Stitzlein v. Willey
(Dec. 12, 1979), Holmes App. No. CA-318, 1979 WL 209691, held that "R.C.5301.01 precludes the concept that a [oil and gas] lease may be "reborn by estoppel"." Id. at 3. In such case, the appellee contended that certain statements evidenced an intent to retain an oil and gas lease in full force and effect past its expiration time. This Court noted that "[t]he lease had already expired at the time of the alleged statements, and the verbal statement would be ineffective to either revive the lease, or to create a new lease. See R.C. 5301.01." Id. at 3.
 {¶ 57} While the majority concludes that the lease did not expire in 1988, as is stated above, I would find that the lease did expire in 1988 since it was not producing or capable of production and since appellant failed to pay shut-in royalties after such date to extend the lease despite non-production. Since the lease expired by its own terms in 1998, appellant's actions subsequent to such time do not operate to revive the lease. I would, therefore, also sustain appellant's third assignment of error.
 {¶ 58} Based on the foregoing, I would reverse the judgment of the Morrow County Court of Common Pleas and remand this case to the trial court.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed. Costs assessed to appellant.